Oleg's Acupuncture, P.C. v MVAIC (2022 NY Slip Op 50593(U))

[*1]

Oleg's Acupuncture, P.C. v MVAIC

2022 NY Slip Op 50593(U) [75 Misc 3d 140(A)]

Decided on June 10, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 10, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2021-154 K C

Oleg's Acupuncture, P.C., as Assignee of
Anastaysia Watt, Respondent, 
against
MVAIC, Appellant. 

Marshall & Marshall, PLLC (Frank D'Esposito of counsel), for appellant.
Law Offices of Ilona Finkelshteyn, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Carolyn
Walker-Diallo, J.), entered October 1, 2019. The order denied defendant's motion for summary
judgment dismissing the complaint and granted plaintiff's cross motion for summary
judgment.

ORDERED that the order is reversed, with $30 costs, defendant's motion for summary
judgment dismissing the complaint is granted and plaintiff's cross motion for summary judgment
is denied.
In this action by a provider to recover assigned first-party no-fault benefits, defendant Motor
Vehicle Accident Indemnification Corporation (sued herein as MVAIC) appeals from an order of
the Civil Court which denied defendant's motion for summary judgment dismissing the
complaint and granted plaintiff's cross motion for summary judgment.
"The filing of a timely affidavit providing the MVAIC with notice of intention to file a claim
is a condition precedent to the right to apply for payment from [MVAIC]. Compliance with the
statutory requirement of timely filing a notice of claim must be established in order to
demonstrate that the claimant is a covered person, within the meaning of the statute, entitled to
recover no-fault benefits from the MVAIC" (Avicenna Med. Arts, P.L.L.C. v MVAIC, 53 Misc 3d 142[A], 2016
NY Slip Op 51535[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016] [internal
quotation marks and citation omitted]; see Insurance Law §§ 5208 [a] [1], [3];
5221 [b] [2]). As MVAIC established that it had not received such an affidavit, MVAIC's motion
for summary judgment dismissing the complaint should have been granted. We reach no other
issue.
Accordingly, the order is reversed, defendant's motion for summary judgment dismissing the
complaint is granted and plaintiff's cross motion for summary judgment is denied.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 10, 2022