Harmonized Acupuncture v MVAIC (2026 NY Slip Op 50211(U))

[*1]

Harmonized Acupuncture v MVAIC

2026 NY Slip Op 50211(U)

Decided on February 13, 2026

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 13, 2026
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S. OTTLEY, JJ

2025-984 K C

Harmonized Acupuncture, as Assignee of Hopkins, Jadiah, Respondent, 
againstMVAIC, Appellant. 

Marshall & Marshall, PLLC (Angelique Evangelista and Frank D'Esposito of counsel), for appellant.
The Rybak Firm, PLLC (Richard F. Rozhik of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Sandra E. Roper, J.), entered March 11, 2025. The order, insofar as appealed from and as limited by the brief, denied defendant's motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant Motor Vehicle Accident Indemnification Corporation (sued herein as MVAIC) appeals, as limited by the brief, from so much of an order of the Civil Court (Sandra E. Roper, J.) as denied MVAIC's motion for summary judgment dismissing the complaint.
"The filing of a timely affidavit providing the MVAIC with notice of intention to file a claim is a condition precedent to the right to apply for payment from [MVAIC]. Compliance with the statutory requirement of timely filing a notice of claim must be established in order to demonstrate that the claimant is a covered person, within the meaning of the statute, entitled to recover no-fault benefits from the MVAIC" (Avicenna Med. Arts, P.L.L.C. v MVAIC, 53 Misc 3d 142[A], 2016 NY Slip Op 51535[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016] [internal quotation marks and citations omitted]; see Insurance Law §§ 5208 [a] [1], [3]; 5221 [b] [2]). MVAIC established that it had not received such an affidavit. In opposition, plaintiff failed to establish that such an affidavit had been submitted to MVAIC. Consequently, the Civil Court should have granted defendant's motion and dismissed the complaint (see Oleg's Acupuncture, P.C. v MVAIC, 75 Misc 3d 140[A], 2022 NY Slip Op 50593[U] [App Term, 2d Dept, 2d, 11th [*2]& 13th Jud Dists 2022]; Lantsman Acupuncture, P.C. v MVAIC, 75 Misc 3d 137[A], 2022 NY Slip Op 50568[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]).
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion for summary judgment dismissing the complaint is granted.
TOUSSAINT, P.J., MUNDY and OTTLEY, JJ., concur.
ENTER:
Jennifer Chan
Chief Clerk
Decision Date: February 13, 2026